```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>     v.                    )<br>                              )<br>                              )<br>CHARLES DOUTRE                )<br>A/K/A "O",                    )<br>                              )<br>          Defendant.          )<br>                              ) | CRIMINAL ACTION NO.<br>08-10215-PBS |

**FINDINGS OF FACT PURSUANT TO 21 U.S.C. § 851**

March 24, 2010

Saris, U.S.D.J.

On September 29, 2008, prior to trial in this case, the government filed an information pursuant to 21 U.S.C. § 851(a) charging two prior felony drug convictions for the defendant, Charles Doutre.  The government's information [Docket No. 20] identifies a July 28, 1999, conviction in New Hampshire Superior Court for possession of cocaine and an August 8, 2001, conviction in Boston District Court of distribution of a class B substance. The New Hampshire offense qualifies as a "felony drug offense" punishable by imprisonment for more than one year.  See 21 U.S.C. 802(44); N.H. Rev. Stat. Ann. §§ 625:9(III)(a)(2), 318-B:26(II)(a); see also United States v. Brennick, 337 F.3d 107, 110 (1st Cir. 2003) ("Under New Hampshire law, possession of a controlled substance is a felony punishable by up to seven years in prison." (citing N.H. Rev. Stat. Ann. 318-B:26(c) (2003))).

Doutre was subsequently convicted in this action of conspiracy to possess with intent to distribute and possession with intent to distribute more than fifty grams of a mixture containing a detectable amount of cocaine base.  At sentencing, the government introduced a certified copy of the New Hampshire conviction and a copy of the Boston municipal conviction identified in the earlier information.  The defendant did not present any evidence contradicting the existence of these convictions, and any challenge to their validity was barred by 21 U.S.C. § 851(e) because they were more than five years old.  Therefore, I find beyond a reasonable doubt that the defendant was convicted of both the New Hampshire and Boston Municipal Court drug felony offenses as alleged in the information and is subject to an enhanced sentence as contemplated by 21 U.S.C. §§ 841(b)(1)(A) and 851(d)(1).

    /s/ PATTI B. SARIS      
PATTI B. SARIS
United States District Judge